AO 451 (Rev. 01/09) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| WDIG MOBILE, LLC <br> *Plaintiff* <br> v. <br> DIGITAL COMMUNICATION WAREHOUSE INCORPORATED <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 11 Civ 3472 (JSR) <br> ) <br> ) 8:12-MC-48-T-35TBM <br> ) |

### CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* Oct. 4, 2011.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date: May 9, 2012

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WDIG MOBILE, LLC,

    Petitioner,

– and –

DIGITAL COMMUNICATION
WAREHOUSE INCORPORATED,

    Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/4/11

Case No. 11 Civ. 3472 (JSR)

ECF CASE

**DEFAULT JUDGMENT**

    This action having been commenced on May 20, 2011 by the filing of the Summons and Petition to Confirm Arbitration Award, and a copy of the Summons and Petition to Confirm Arbitration Award having been served on Respondent by serving Kim Thompson, office manager for respondent Digital Communication Warehouse, Inc., on June 22, 2011, at the address 484 Leverington Avenue, Philadelphia, PA 19128, by the United States Marshals Service, and proof of such service thereof was filed on July 22, 2011, and an additional copy of the Summons and Petition having been served on Respondent by personally serving Stuart LaCheen, president of Respondent Digital Communication Warehouse, Inc., on August 15, 2011, at the address 519 Conshohocken State Road, Narberth, PA 19072, by private process server, and proof of such service thereof was filed on August 24, 2011, and the Respondent not having answered the Petition, and the time for answering the Petition having expired, it is

    ORDERED, ADJUDGED AND DECREED that the Petitioner have judgment against Respondent in the amount of $1,036,834.61, plus post-judgment interest at the lawful rate of .08% calculated from the date of judgment up through and including the

date of payment, and requiring Respondent to remove Petitioner's intellectual property from all Disney Mobile equipment prior to use or sale.

Dated: October 3, 2011
New York, New York

_____
Judge Jed S. Rakoff

- 3 -

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY _____
Deputy Clerk

Case 8:12-mc-00048-MSS-TBM   Document 1   Filed 05/14/12   Page 4 of 6 PageID 4
Case 1:11-cv-03472-JSR   Document 12   Filed 10/04/11   Page 3 of 5
Case 1:11-cv-03472-JSR   Document 11   Filed 10/03/11   Page 1 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WDIG MOBILE, LLC,

           Petitioner,

– and –

DIGITAL COMMUNICATION
WAREHOUSE INCORPORATED,

           Respondent.

---

Case No. 11 Civ. 3472 (JSR)

ECF CASE

## AFFIDAVIT OF RACHEL SCHWARTZ IN SUPPORT OF PETITIONER WDIG MOBILE, LLC'S MOTION FOR COSTS AND ATTORNEYS' FEES

STATE OF NEW YORK  )
                            ) ss.:
COUNTY OF NEW YORK  )

Rachel Schwartz, being duly sworn, deposes and says:

1. I am a member of the bar of this Court and of the law firm of Schwartz & Thomashower LLP ("S&T"), attorneys for petitioner WDIG Mobile, LLC ("Disney Mobile") in the above-captioned action. I submit this affidavit to set forth the legal fees, costs and expenses Disney Mobile has incurred in connection with this action to confirm the June 22, 2010 Final Arbitration Award (the "Award") against respondent Digital Communication Warehouse, Inc. ("Respondent" or "DCW"). I have personal knowledge of the facts and circumstances set forth herein, except as otherwise indicated.

2. During the period April 1, 2011 through the date of the affidavit, Disney Mobile incurred $25,788.00 in attorneys' fees and $3,649.79 in costs and expenses to confirm the award. As set forth in Disney Mobile's September 23, 2011 Motion for a Default Judgment, including the Affidavit of Rachel Schwartz, sworn to on September 23, 2011, these legal fees and costs were reasonably and necessarily incurred in connection with the prosecution of this matter,

Case 8:12-mc-00048-MSS-TBM   Document 1   Filed 05/14/12   Page 5 of 6 PageID 5
Case 1:11-cv-03472-JSR   Document 12   Filed 10/04/11   Page 4 of 5
Case 1:11-cv-03472-JSR   Document 11   Filed 10/03/11   Page 2 of 3

particularly in light of DCW's willful and active attempts to avoid service of process and its failure to answer the Petition.

3.  The S&T attorneys' fees being sought equal a total of 93.90 hours at the rate of $325 for my time, $425 for my partner William Thomashower, and $225 for S&T associate Carla Sereny.[1] The S&T attorneys' fees requested are reasonable, based on the hours worked, the services rendered, the rates charged, and the experience and background of the attorneys. S&T's billing rates are far less than the rates at other New York firms with attorneys of comparable experience, and are certainly comparable, if not, less than the rates at other New York City boutique litigation firms. By way of background, I graduated from Brooklyn Law School in 1994, and immediately joined the litigation department of Loeb & Loeb LLP. In 1997 I joined Kaplan Thomashower & Landau LLP as an associate, and became a partner there in 2003. In 2007, my partner William Thomashower and I founded S&T. During the last seventeen years, I have been engaged in complex commercial, corporate, intellectual property, employment, and environmental litigation in state and federal courts. Mr. Thomashower graduated from Columbia Law School in 1973 with honors, and has been engaged in complex corporate commercial, antitrust, and intellectual property litigation in state and federal courts for the past 37 years. Ms. Sereny is a 2005 graduate of the University of Texas, Austin. From 2005-2010, Ms. Sereny was associated with Ropes & Gray LLP where she engaged in complex commercial and intellectual property litigation in state and federal court. Ms. Sereny joined S&T as an associate in September, 2010.

4.  The costs and expenses consist primarily of court fees and fees for process servers and investigators. As previously explained, in addition to process servers who needed to make repeated attempts at service, Disney Mobile also was required to retain and supervise a private

---

[1] During the period April 1, 2011 through June 6, 2011, S&T's billing rate to Disney Mobile was $300 for my time; $400 for William Thomashower; and $200 for Carla Sereny.

2

Case 8:12-mc-00048-MSS-TBM   Document 1   Filed 05/14/12   Page 6 of 6 PageID 6
Case 1:11-cv-03472-JSR   Document 12   Filed 10/04/11   Page 5 of 5
Case 1:11-cv-03472-JSR   Document 11   Filed 10/03/11   Page 3 of 3

investigator to positively identify DCW's principal and executive president, Stuart LaCheen, for service since, upon information and belief, Mr. LaCheen had previously denied his identity.

5. Pursuant to the terms of both the Partial and Final Award, Disney Mobile is entitled to recover post-Final Award interest on its damages of $903,115.90 at the rate of 9% calculated commencing on June 23, 2010 and continuing up through and including the date of judgment. Accordingly, Disney Mobile is entitled to recover $104,280.92 in post-Final Award interest.

6. Based on the foregoing, Disney Mobile is entitled to judgment in the amount of $1,036,834.61 which equals $903,115.90 in damages, $104,280.92 in post-Final Award interest, and $29,437.79 in attorneys' fees and costs and expenses in connection with this action.

7. Finally, pursuant to the terms of the Partial and Final Award, Disney Mobile is entitled to recover post-judgment interest at the rate of .08% on the judgment amount of $1,036,834.61, calculated from the date of judgment up through and including the date of payment.

8. A copy of a proposed order for a Default Judgment is attached hereto as Exhibit A, a copy of which has been emailed to the Orders and Judgments Clerk.

_____
RACHEL SCHWARTZ

Sworn to before this
3rd day of October, 2011
CARLA E. SERENY
Notary Public, State of New York
No. 02SE6164248
Qualified in Westchester County
Commission Expires July 20, 2015

_____
Carla E. Sereny
Notary Public

3